IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER CRAIG                                                                                    PLAINTIFF

vs.                                        Civil No. 4:12-cv-04104

CAROLYN W. COLVIN                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Walter Craig ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on December 11, 2008.  (Tr. 10, 139-150).  In his applications, Plaintiff claims to be disabled due to a head injury, back problems, an ankle injury, gout, arthritis, carpal tunnel syndrome, and anxiety.  (Tr. 177).  Specifically, Plaintiff claims these impairments impact him in the following ways: "I am very irritable, headaches, I get

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

dizzy, my train of thought is effected. I can't concentrate for long. I can't read well any longer. I have frequent pain. I can't walk or even put shoes on sometimes." *Id.* Plaintiff alleges an onset date of October 25, 2007. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 87-90). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 107-119).

Plaintiff's administrative hearing was held on September 10, 2010 in Texarkana, Arkansas *via* videoteleconference with the ALJ presiding in Dallas, Texas. (Tr. 42). Plaintiff was present at this hearing and was represented by counsel.[2] (Tr. 40-86). Plaintiff and Vocational Expert ("VE") Jerold Hildre testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 45). As for his level of education, Plaintiff testified he had completed the eighth grade in school and had obtained his CDL. (Tr. 45-46).

On December 21, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 25, 2007, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative joint disease and major depressive disorder. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

---

[2] Counsel's name is not included in the transcript. (Tr. 40).

2

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-22). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> I find it that the claimant has the residual functional capacity to perform light work (lift/carry 20 pounds occasionally and 10 pounds frequently [)]. Claimant can stand/walk for at least 2 hours in an eight-hour workday, but sit at least 6 hours in an eight-hour workday. He is limited in pushing or pulling (including the operation of foot controls) with his lower extremities. Claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. Claimant has no manipulative, visual, communicative, or environmental limitations. From the mental standpoint, he retains the ability to learn, understand, remember, and carry out simple instructions and tasks; use judgment in making simple work-related decisions; respond and relate appropriately with other[s], such as supervisor and co-workers; maintain attention and concentration for a[t] least two hour intervals; and, adapt to and deal with simple changes to work setting and environments.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 22, Finding 5). The ALJ then determined whether a hypothetical individual with Plaintiff's limitations retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 8). The VE testified at the administrative hearing regarding this issue. (Tr. 23, 79-85).

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as order clerk (sedentary, unskilled) with 139,000 such jobs in the nation and 118 in Arkansas; optical good assembler (sedentary, unskilled) with 106,000 such jobs in the nation and 500 in Arkansas; and cutter or paster (sedentary, unskilled) with 136,000 such jobs in the nation and 755 in Arkansas. (Tr. 23). Because Plaintiff retained the capacity to perform this

3

other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from his alleged onset date or from October 25, 2007 through the date of the ALJ's decision or through December 21, 2010. (Tr. 23, Finding 9).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On July 18, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 4, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 27, 2012. ECF No. 3. The Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ's disability

5

determination is not supported by substantial evidence in the record; and (2) the ALJ gave improper weight to the findings of his treating physician. ECF No. 6 at 11-20. As a part of his first argument, Plaintiff also claims the ALJ erred in evaluating his credibility. *Id.* He argues the ALJ improperly used a "sit and squirm" approach in determining whether Plaintiff was credible and used his personal observations of Plaintiff's demeanor at the hearing to determine whether his subjective complaints were credible. *Id.*

In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and the ALJ's Step Five determination. ECF No. 7 at 5-13. Defendant also argues that the "ALJ's credibility analysis is solid, supported, and proper." *Id.* at 9. Defendant argues that while the ALJ did consider Plaintiff's demeanor at the hearing, the ALJ also considered other factors. *Id.* at 9-10. Because the Court agrees with Plaintiff's argument that the ALJ improperly performed a *Polaski* evaluation, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 14-22). As noted by Plaintiff, the ALJ placed far too much emphasis on his appearance and demeanor at the hearing in this matter. Specifically, the ALJ stated the following regarding Plaintiff's appearance and demeanor at the hearing: "Despite these allegations [of disabling pain], the claimant was able to enter the hearing room on his own without assistance from another party, although the claimant did use a cane. The claimant's facial expression was unremarkable, and he was able to sit down adequately. The claimant arose during the hearing several times. In general, I observed that claimant

had no problems and exhibited no remarkable symptoms in the hearing room." (Tr. 18). Although the ALJ stated this was only "one factor among many" that he relied upon in assessing Plaintiff's credibility, the ALJ did not state any other factor that he found significant in his decision to discount Plaintiff's subjective complaints. (Tr. 14-22).

In briefing this matter, Defendant references several factors that *could* have been significant and that *do support* the ALJ's credibility determination. ECF No. 7 at 9-10. The only problem is that the ALJ did not actually state those factors in his decision. (Tr. 14-22). This analysis and these factors only appear in Defendant's briefing in this matter. ECF No. 7 at 9-10. Such an attempt to bolster the ALJ's credibility determination after-the-fact is improper. Instead, the ALJ has the responsibility to state those factors and inconsistencies in his opinion. *See Baker,* 159 F.3d at 1144.

Based upon this information, the Court finds the ALJ's decision to discount Plaintiff's subjective complaints based only upon his appearance and demeanor was improper. Such reliance seems particular erroneous in this case because the hearing was held by videoteleconference and was not a live, in-person hearing. The administrative hearing in this matter was also less than one hour. As such, it would be difficult for the ALJ to truly assess Plaintiff's level of pain at this hearing. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4]  A

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of July 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE